# In re Mario Leroy DAVIS, Respondent

## File A26 694 738 - Fishkill

*Decided November 2, 2000*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) Pursuant to *Henderson v. INS*, 157 F.3d 106 (2d Cir. 1998),*cert. denied sub nom. Reno v. Navas*, 526 U.S. 1004 (1999), a respondent within the jurisdiction of the United States Court of Appeals for the Second Circuit whose deportation proceedings were pending on April 24, 1996, is not subject to the amendments made to section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (1994), by section 440(d) of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, 1277 ("AEDPA"), *as amended by* Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, § 306(d), 110 Stat. 3009-546, 3009-612.

(2) A respondent convicted of an aggravated felony for which heserved more than 5 years in prison is barred from establishing eligibility for a section 212(c) waiver if the provisions of section 440(d) of the AEDPA are inapplicable to him.

Reverend Robert Vitaglione, Accredited Representative, Brooklyn, New York, for respondent

Mercedes Cesaratto, Assistant District Counsel, for the Immigration and Naturalization Service

Before: Board Panel: DUNNE, Vice Chairman; HOLMES and HURWITZ, Board Members.

HOLMES, Board Member:

In a decision dated April 12, 2000, an Immigration Judge found the respondent deportable under section 241(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2)(A)(iii) (1994), as an alien convicted of an aggravated felony, determined that he was ineligible for a waiver of inadmissibility under section 212(c) of the Act, 8 U.S.C. § 1182(c) (1994), and ordered him deported from the United States to Jamaica. The respondent has timely appealed that decision. The appeal will be dismissed.

The respondent does not challenge the Immigration Judge's finding that he is deportable but asserts that he is eligible for relief under section

212(c) of the Act. The Immigration Judge found that the respondent was ineligible for such relief because he had been convicted of an aggravated felony for which he served more than 5 years in prison.[1] The respondent does not dispute that he served more than 5 years in prison as a result of an aggravated felony conviction.[2] However, he contends that the Immigration Judge erred in relying on an eligibility bar that was eliminated by section 440(d) of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, 1277 (enacted April 24, 1996) ("AEDPA"), *as amended by* Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, § 306(d), 110 Stat. 3009-546, 3009-612 ("IIRIRA"). We are not persuaded by the respondent's argument, and we find that he is ineligible for relief under section 212(c) of the Act for the reasons set forth in the Immigration Judge's decision.

Prior to its amendment by section 440(d) of the AEDPA, the final sentence of section 212(c) of the Act read as follows: "The first sentence of this subsection shall not apply to an alien who has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least 5 years." Section 440(d) of the AEDPA, as amended by section 306(d) of the IIRIRA,[3] provided that this sentence should be revised as follows:

(1) by striking "The first sentence of this" and inserting "This"; and

(2) by striking "has been convicted of one or more aggravated felonies" and all that follows through the end and inserting "is deportable by reason of having committed any criminal offense covered in section 241(a)(2)(A)(iii), (B), (C), or (D), or any offense covered by section 241(a)(2)(A)(ii) for which both predicate offenses are, without regard to the date of their commission, otherwise covered by section 241(a)(2)(A)(i)."

---

[1] In an earlier decision dated October 23, 1997, the Immigration Judge found the respondent ineligible for a section 212(c) waiver on a different basis. The respondent's appeal from that decision was dismissed by the Board on May 4, 1998, based on the Attorney General's decision in *Matter of Soriano*, 21 I&N Dec. 516, 533 (BIA 1996; A.G. 1997). Pursuant to a July 21, 1999, order of the United States District Court for the Southern District of New York, the Board remanded the record of proceedings to the Immigration Judge on September 9, 1999, for further consideration of the respondent's application for section 212(c) relief.

[2] The respondent was convicted of several aggravated felonies for which he served varying terms of imprisonment. The Immigration Judge only found it necessary to consider the period of imprisonment resulting from the respondent's most recent conviction in New York for attempted robbery in the first degree.

[3] Section 303(d) of the IIRIRA was a technical amendment providing that the phrase "any offense covered by section 241(a)(2)(A)(ii) for which both predicate offenses are covered by section 241(a)(2)(A)(i)" be struck from section 440(d) and replaced by the phrase "any offense covered by section 241(a)(2)(A)(ii) for which both predicate offenses are, without regard to the date of their commission, otherwise covered by section 241(a)(2)(A)(i)." This amendment was effective "as if included in the enactment of the [AEDPA]." *Id.*

The initial question before us is whether the eligibility requirements of section 212(c) after its amendment by section 440(d) of the AEDPA apply to the respondent. The United States Court of Appeals for the Second Circuit in *Henderson v. INS*, 157 F.3d 106, 129-30 (2d Cir. 1998), *cert. denied sub nom. Reno v. Navas*, 526 U.S. 1004 (1999), answers this question, as does the district court noted above, by concluding that the amendments made to section 212(c) of the Act by section 440(d) of the AEDPA do not apply retroactively to deportation proceedings pending on April 24, 1996. The Second Circuit specifically stated that the "traditional rules of statutory interpretation all point in one direction: § 440(d) [of the AEDPA] should not apply retroactively." *Id.* at 130. The respondent in this case falls within the scope of *Henderson v. INS*, because his deportation proceedings were pending on that date. We have consistently followed a circuit court's precedent in cases arising within that circuit. *See Matter of Cazares*, 21 I&N Dec. 188, 192 (BIA 1996, 1997; A.G. 1997); *Matter of Anselmo*, 20 I&N Dec. 25, 31-32 (BIA 1989). Therefore, we conclude that the respondent is not subject to the amendments made to section 212(c) by section 440(d) of the AEDPA.

As previously noted, prior to its amendment by section 440(d) of the AEDPA, section 212(c) of the Act provided that any "alien who has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least 5 years" was barred from establishing eligibility for a waiver. This language was struck from section 212(c) by section 440(d)(2) of the AEDPA and was replaced with a broader bar to eligibility for relief.[4] The respondent argues that, because the bar in effect prior to the AEDPA amendments was eliminated by section 440(d), which was subsequently found to be inapplicable to him, neither version of the bar to aggravated felons renders him ineligible for a waiver.

We disagree. Section 440(d)(2) of the AEDPA clearly eliminated the bar to eligibility that applied to the respondent before the AEDPA amendments took effect, replacing it with a new bar.[5] However, the Second Circuit has held that section 440(d) does not apply to cases that were pending at the time that the statutory provision was enacted. As we have stated, the revised bar created by section 440(d) does not apply to the respondent. This does not mean, however, that he is no longer subject to the eligibility require-

---

[4]Service of a 5-year prison term was eliminated as a requirement under the existing bar for aggravated felons, and the new bar included aliens who were deportable on the basis of conviction for various other offenses such as crimes involving moral turpitude, controlled substance violations, and firearms offenses. *See* sections 241(a)(2)(A), (B), (C), (D) of the Act, 8 U.S.C. § 1251(a)(2)(A), (B), (C), (D) (1994).

[5]We note that the language in question was not deleted by a separate provision of the AEDPA but was simultaneously struck and replaced by the same sentence in section 440(d)(2) of the AEDPA.

ments of the previous version of section 212(c).

The respondent's eligibility for a waiver is necessarily governed either by the bar contained in the statute before it was struck by section 440(d) or by the new bar that replaced it. Because the provisions of section 440(d) are inapplicable to him, the version of section 212(c) that was in effect prior to the AEDPA amendments continues to control. Therefore, the Immigration Judge correctly determined that the respondent's conviction for an aggravated felony, for which he served more than 5 years in prison, rendered him ineligible for relief under section 212(c). Accordingly, the respondent's appeal will be dismissed.

**ORDER:** The appeal is dismissed.